IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RLJ Lodging Trust,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17 C 7245 |
| | ) | |
| **The National Retirement Fund,** | ) | Judge John Z. Lee |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION AND ORDER**

Plaintiff RLJ Lodging Trust ("RLJ")[1] is a real estate investment trust with a portfolio of hotel properties, some of which were previously managed by InterContinental Hotel Group Resources, Inc. ("IHG"). RLJ brings this action against Defendant the National Retirement Fund ("the Fund"), a trust fund that manages a multi-employer plan to which RLJ is contractually obligated to contribute. Pursuant to §§ 4221(b)(2) and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended by* the Multiemployer Pension Plan Amendments Act of 1980 ("the MPPAA"), 29 U.S.C. §§ 1401(b)(2) and 1451, RLJ seeks to vacate an arbitration decision denying it the right to intervene in an arbitration between the Fund and IHG regarding withdrawal liability. RLJ further seeks declaratory judgment that it, rather than IHG, was the employer for the purposes of determining the relevant withdrawal liability.

The Fund moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), (3), and (6). In the alternative, it requests that the Court transfer the case to the Southern District

---

[1] RLJ brings this action as successor-in-interest to FelCor Lodging Trust Incorporated and certain of its subsidiaries (collectively, "FelCor"), which merged into a subsidiary of RLJ on August 31, 2017. *See* Compl. ¶ 2, ECF No. 1. The Court refers to both RLJ and FelCor as "RLJ" and "Plaintiff."

of New York pursuant to 28 U.S.C. § 1404(a). RLJ cross-moves to stay the arbitration. For the following reasons, the Court grants the Fund's motion to dismiss and denies RLJ's motion to stay the arbitration.

**Factual Background[2]**

RLJ is a real estate investment trust with a portfolio consisting of 158 hotel properties in over 25 states. Compl. ¶ 6, ECF No. 1. Its hotels operate under well-known global brands, including Courtyard by Marriott, Residence Inn by Marriott, Hilton Garden Inn, and Wyndham and Embassy Suites, among others. *Id.*

The Fund is a Taft-Hartley trust fund with trustees represented by labor organizations and employers that contribute to the fund. *Id.* ¶ 7. It is established and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). *Id.*

IHG is a multinational company that operates and franchises thousands of hotels under twelve brands. *Id.* ¶ 8. IHG and its affiliates have served as hotel manager for certain hotels owned by RLJ, including the three hotels that triggered the withdrawal liability assessment at dispute in the arbitration at question, *Intercontinental Hotels Grp. Control Grp. v. Nat'l Ret. Fund*, AAA Case No. 01-16-0005-1768. *Id.* ¶ 9.

On November 25, 2015, the Fund notified IHG that it had incurred a complete withdrawal from the Fund as of September 1, 2015, and was therefore liable to the Fund for withdrawal liability under ERISA. *Id.* ¶ 10. According to the Fund's calculations, IHG owed an estimated $26,612,379 of withdrawal liability. *Id.* After extensive back-and-forth between the Fund and IHG, the Fund revised its assessment of IHG's withdrawal liability, notifying IHG on March 10,

---

[2] The following facts are taken from RLJ's complaint and are accepted as true on review of the motions to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (stating that, at the motion-to-dismiss stage, the court "accept[s] as true all well-pleaded facts alleged").

2016, that the withdrawal had instead happened as of February 28, 2013, and that IHG owed an estimated $8,332,824, payable in quarterly installments of $284,611.01. *Id.* ¶ 11. RLJ, rather than IHG, has been paying the quarterly installment payments during the pendency of the dispute, as required by § 4219(c) of ERISA, 29 U.S.C. § 1399(c). *Id.*

According to the March notification, IHG incurred a complete withdrawal under 29 U.S.C. § 1383 in relation to three hotels: the Crowne Plaza Chicago Allerton Hotel ("Allerton"); HPT-TRS, Inc., d/b/a the Bristol/Crowne Plaza Philadelphia Hotel ("Crowne Plaza"); and the Holiday Inn Historic District—Philadelphia Hotel ("Historic District Hotel"). *Id.* ¶ 13. All three of these hotels had earlier been managed by IHG on behalf of RLJ: IHG managed the Allerton for RLJ until it was sold by RLJ in 2006, *id.* ¶ 14; IHG managed the Crowne Plaza for RLJ until 2006, when RLJ sold it to new owners, for whom IHG continued to manage it until 2012, *id.*; and IHG managed the Historic District Hotel until January 18, 2013, when RLJ replaced it with new management. *Id.* The March 2016 assessment concluded that the effective date of IHG's withdrawal from the Fund was 2013, when it was replaced as manager of the Historic District Hotel. *Id.* ¶ 15.

RLJ has owned the Historic District Hotel since 1998. *Id.* ¶ 16. RLJ has been contractually obligated to contribute to the Fund at the Historic District Hotel by both the terms of the Collective Bargaining Agreement ("CBA") between the hotel and UNITE HERE Local 274, AFL-CIO, for the period from June 1, 2008 through May 31, 2014, and the hotel management agreement between IHG and RLJ ("Management Agreement"). *Id.* ¶ 17. According to the Management Agreement, RLJ was "solely responsible for, as an Operating Cost, and shall reimburse and hold [IHG] harmless from and against all expenses, costs or charges related to or incidental to any personnel, including the General Manager, employed in the operation of the [Historic District Hotel]." *Id.*

¶ 18. According to the CBA, the Historic District Hotel was the employer of the union employees and had the obligation to make monthly contributions to the Fund. *Id.* IHG was never party to the CBA. *Id.*

RLJ has remained contractually responsible for contributions to the Fund on behalf of the union employees, both before and after the replacement of IHG as manager of the hotel, *id.* ¶ 16, and it has funded—without interruption—all monthly contributions to the Fund on behalf of those employees, *id.* ¶ 20. To the extent that IHG transmitted any contributions to the Fund, it did so solely as RLJ's agent. *Id.* ¶ 19.

RLJ and IHG requested review of the March 2016 assessment prior to the June 8, 2016, deadline stipulated by the Fund. *Id.* ¶ 23. On June 6, 2016, RLJ's counsel sent an email to the Fund, requesting review of the March 10, 2016, assessment of withdrawal liability upon IHG, explaining that, "pursuant to hotel management agreements with IHG or its affiliates, Plaintiff has an obligation to indemnify IHG for certain employment-related expenses, and IHG (and its counsel) have agreed that we can jointly submit this request seeking a review of the IHG withdrawal liability assessment." *Id.*

On November 28, 2016, IHG timely initiated an arbitration challenging the Fund's assessment of withdrawal liability. *Id.* ¶ 24. In the letter accompanying its demand for arbitration with the American Arbitration Association ("AAA"), IHG asserted that it was not the employer for purposes of assessing withdrawal liability and, therefore, no withdrawal had occurred. *Id.* IHG further contended that the withdrawal liability was improperly calculated. *Id.*

On June 19, 2017, RLJ submitted a petition to intervene in the arbitration, *id.* ¶ 28, which the Fund opposed. *Id.* ¶ 29. On September 11, 2017, arbitrator Mark C. Stephenson, *id.* ¶ 27, issued a ruling denying the petition, *id.* ¶ 32. Arbitrator Stephenson found that (1) RLJ had failed

to meet the intervention standard set forth in Federal Rule of Civil Procedure 24(a)(2), because it had failed to demonstrate that IHG could not adequately represent its interest as IHG's indemnitor, Compl., Ex. A, Ruling on Petition to Intervene at 6, ECF No. 1-1; and that (2) RLJ had failed to demonstrate that it was the "employer," because it had disclaimed its role as employer for any purpose other than determining ERISA withdrawal liability, *id.* at 7–8.

## Legal Standard

### I. 12(b)(1) Standard

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)). "[I]f the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id*.

### II. 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)  At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

RLJ filed this complaint on October 6, 2017, seeking in Count I to vacate or modify the ruling denying RLJ's petition to intervene, contending that Arbitrator Stephenson erred as a matter of law in finding that RLJ was not an employer for purposes of assessing withdrawal liability and that RLJ did not satisfy the intervention standard under Federal Rule of Civil Procedure 24(a)(2). Compl. ¶¶ 35–47. In Count II, RLJ further seeks an order staying the arbitration proceedings and declaring, "pursuant to ERISA, 29 U.S.C. § 1001 *et seq*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and/or Rule 65 of the Federal Rules of Civil Procedure" that RLJ is the employer for purposes of the MPPAA and that no withdrawal occurred. *Id.* ¶ 56.

The Fund moves to dismiss the complaint for lack of jurisdiction under Rule 12(b)(1), for failure to state a claim under Rule 12(b)(6), and for improper venue under Rule 12(b)(3). In the alternative, the Fund moves the Court to transfer the case to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). RLJ cross-moves to stay the arbitration.

**I.    Claim to Vacate or Modify the Arbitration Ruling**

Section 4221 of ERISA sets forth the procedural rules for arbitration proceedings regarding determinations of withdrawal liability. It provides, in § 4421(b)(2), that "[u]pon completion of the

6

arbitration proceedings in favor of one of the parties, any party thereto may bring an action . . . in an appropriate district court in accordance with section 1451 of this title to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2).

The Fund moves under Rule 12(b)(1) to dismiss the complaint, contending first that RLJ lacks standing under ERISA to vacate or modify the September 2017 ruling because it is not a party to the arbitration, as required by § 4221(b)(2). Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") at 7–8, ECF No. 14. Second, the Fund argues that even if RLJ had standing, the complaint is premature, as § 4221(b)(2) requires that arbitration proceedings must be complete before judicial review can occur. *Id.* at 8–9.

In response, RLJ contends that, while ERISA provides that certain disputes need to be resolved through arbitration, the question of whether an entity is an employer is properly decided by the courts. Pl.'s Mem. Opp. Mot. Dismiss ("Pl.'s Mem.") at 7–9, ECF No. 31. Second, it argues that, as a non-party who has participated in the proceedings and has "an overwhelming interest in the arbitration," it is entitled to "appeal the award." *Id*. at 10. Finally, RLJ contends that the claim is not premature because (1) a plaintiff may bypass arbitration to determine whether it is an employer; and (2) the denial of RLJ's petition to intervene is a "final award, which is appealable immediately." Pl.'s Mem. at 10.

As an initial matter, while the Fund challenges RLJ's standing and timeliness of suit in a 12(b)(1) motion, such challenges do not present jurisdictional issues appropriate for resolution under Rule 12(b)(1). In contending both that RLJ does not fall within the class of parties authorized by ERISA to bring an action to vacate or modify an arbitration award under § 4221(b)(2), and that § 4221(b)(2)'s "completion" requirement bars RLJ from bringing suit, the Fund is in fact challenging RLJ's statutory standing, which is distinct from Article III and

7

prudential standing. *See In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 951 (N.D. Ill. 2016) (considering a purported 12(b)(1) motion challenging statutory standing under the 12(b)(6) standard). As such, the Court will review this question under the standards of Rule 12(b)(6), not Rule 12(b)(1), and the Court's inquiry into statutory standing and timeliness at this stage is therefore limited to the pleadings. *See id.*

Additionally, while the Fund contends that the complaint as a whole should be dismissed on the basis of its statutory standing arguments, Def.'s Mem. at 6, the arguments relate only to Count I of the complaint. This is because the arguments are directed solely at RLJ's ability to sue under § 4221(b)(2) of ERISA and do not address RLJ's request for a declaration regarding RLJ's status as an employer and an order staying the arbitration proceedings.

Turning to the arguments, the Court addresses the standing question first. Section 4221(b)(2) is clear: once arbitration proceedings regarding withdrawal liability are "complet[e]," "any party thereto may bring an action" in district court "to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2). RLJ is not a party to the arbitration at question, as RLJ's petition to intervene in the arbitration was denied. *See* Compl. ¶ 32. To the extent that, in Count I, RLJ seeks to vacate or modify the arbitration under § 4421(b)(2),[3] RLJ does not have standing to do so as a non-party.

RLJ's arguments to the contrary are unavailing. RLJ cites to cases holding that whether an entity is an employer under ERISA is a statutory question appropriate for judicial determination, but those cases do not involve modifying or vacating arbitration rulings. Rather, the courts in those

---

[3] RLJ does not specifically cite the grounds under which it seeks relief in Count I. But given that RLJ references ERISA § 4421(b)(2), 29 U.S.C. § 1401(b)(2) earlier in the Complaint, *see* Compl. at 1, and seeks to "vacate or modify" the arbitrator's "final award" in Count I, *see id.* ¶ 48, the Court presumes that in Count I, RLJ seeks to vacate or modify the September 2017 award pursuant to ERISA § 4421(b)(2), 29 U.S.C. § 1401(b)(2).

cases decided whether an entity was an employer under ERISA only for the purpose of determining whether § 4421(b)(2) compelled the parties before it to arbitrate or not. *See Mason & Dixon Tank Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 852 F.2d 156, 167 (6th Cir. 1988) (plaintiffs contended that they were not the employer(s) and therefore had no duty to arbitrate); *Banner Indus., Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 657 F. Supp. 875, 881 (N.D. Ill. 1987), *aff'd*, 875 F.2d 1285 (7th Cir. 1989) (noting in dicta that whether an entity at risk of withdrawal liability is an "employer" under ERISA is a statutory question for courts to determine); *Tri-State Rubber & Equip., Inc. v. Cent. States Se. & Sw. Areas Pension Fund*, 661 F. Supp. 46, 48 (E.D. Mich. 1987) (concluding that whether plaintiffs assessed with withdrawal liability were "employers" was subject to judicial review). These cases therefore do not support RLJ's ability, under § 4421(b)(2), to modify or vacate the arbitrator's decision to which it is not a party.

The Court finds similarly unpersuasive RLJ's contention that it is entitled to modify or vacate the award because it has an interest in the arbitration. *See* Pl.'s Mem. at 10. The only authority RLJ cites in support of this argument is a 1987 Fourth Circuit decision that addressed whether a non-party who participated extensively in a district court decision, but was not technically a party, could appeal the district court decision. *See Kenny v. Quigg*, 820 F.2d 665, 668 (4th Cir. 1987). RLJ provides no explanation of why the rationale in *Kenny* is applicable to the present case, and the Court is unpersuaded that the reasoning overrides the plain language of § 4421(b)(2). RLJ, as a non-party to the arbitration at question, is unable to bring a claim to modify or vacate an arbitration order under § 4421(b)(2).

As for the ripeness issue, the Court agrees that § 4421(b) requires arbitration proceedings to be complete before they are appealed, and RLJ here seeks to vacate or modify an interim ruling. Section 4421 provides that parties to an arbitration may, "[u]pon completion of the proceedings in

9

favor of one of the parties," bring an action to enforce, vacate, or modify the award. 29 U.S.C. § 1401(b)(2). RLJ acknowledges that the arbitration is not "complete," but contends that its request to vacate the award is timely because the arbitrator has issued a "final and definitive disposition of Plaintiff's request to intervene." *See* Pl.'s Mem. at 11. But the Seventh Circuit is clear that "upon completion" in § 4421(b)(2) means the completion of arbitration, not just of individual issues:

> [J]udges must not intervene in pending arbitration to direct arbitrators to resolve an issue one way rather than another. Review comes at the beginning or the end, but not in the middle. Once the arbitration is over, the losing side can seek judicial review. Until then matters are in the hands of the arbitrator.

*Cent. States, Se. & Sw. Areas Pension Fund v. U.S. Foods, Inc.*, 761 F.3d 687, 689 (7th Cir. 2014) (quotation marks and internal citations omitted). *See also McKinney Restoration, Co. v. Ill. Dist. Council No. 1 of Int'l Union of Bricklayers & Allied Craftworkers*, 392 F.3d 867, 872 (7th Cir. 2004) ("[W]here an arbitrator believes the assignment is completed, the award is final and appealable, and the court may then vacate the award for that reason. Where the evidence establishes that the arbitrator does not believe the assignment is completed, the award is not final and appealable.").

In sum, the Court grants the Fund's motion to dismiss Count I because RLJ is not a party to the arbitration and the arbitration is not complete. Because the Court cannot conceive of a way in which RLJ can amend the complaint to state a claim under ERISA § 4201(b)(2), the dismissal of Count I is with prejudice. To the extent, however, that the Fund seeks to dismiss Count II on these grounds, the motion is denied.

## II. Claim for Declaratory Judgment and Staying the Arbitration

The only remaining claim is Count II, in which RLJ seeks an order "pursuant to ERISA, 29 U.S.C. § 1001 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and/or Rule 65

10

of the Federal Rules of Civil Procedure," staying the arbitration proceedings and declaring that RLJ is the employer for purposes of the MPPAA and that no withdrawal occurred. *Id.* ¶ 56.

But here, RLJ encounters a jurisdictional problem. Because Count I has been dismissed,[4] Count II must provide an independent basis for federal jurisdiction.[5]

RLJ first suggests that the order sought in Count II can be granted "pursuant to ERISA, 29 U.S.C. § 1001 *et seq.*" But other than RLJ's arguments with respect to ERISA § 4201(b), which the Court has already found to be inapplicable to RLJ's claims, RLJ does not identify any provisions within ERISA that could give grounds for such a claim. And RLJ's remaining bases for requesting the relief in Count II—the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 65—cannot serve as independent bases for federal jurisdiction. *See TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 634 (7th Cir. 2003) (noting that the Declaratory Judgment Act "does not and cannot serve as an independent basis for federal jurisdiction"); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."). The Court therefore concludes that it lacks jurisdiction over RLJ's remaining claim in Count II.

Because the Court lacks jurisdiction over this matter, the Court declines to consider the Fund's motion to dismiss for lack of venue.

---

[4] In Count I, RLJ had invoked federal question jurisdiction, 28 U.S.C. § 1331, pursuant to ERISA §§ 4221 and 4301. Compl. ¶ 3.

[5] While the parties do not discuss the question of federal jurisdiction, the Court is obligated to inquire into the existence of jurisdiction *sua sponte*. *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004)).

11

## **Conclusion**

For the reasons stated herein, the Fund's motion to dismiss [23] is granted. RLJ's motion to stay the arbitration [33] is denied as moot. Civil case terminated.


**IT IS SO ORDERED.**        ENTERED   8/24/18

*/s/ John Z. Lee*

**John Z. Lee**
**United States District Judge**